


UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Trinidad Gomez<br>(A95 521 105)<br><br>Plaintiff,<br>V.<br><br>Andrea Quarantillo<br>District Director, USCIS<br>New York, New York<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR MANDAMUS

TO THE HONORABLE JUDGES OF SAID COURT:

Plaintiff, Trinidad Gomez, by his attorneys Wilens & Baker, P.C., for Lawful Permanent Residence claim for relief states as follows:

### INTRODUCTION

1. This is a civil action brought pursuant to 28 U.S.C. §1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by whom statutes jurisdiction is conferred, to compel Defendant to perform a duty Defendant owes to Plaintiff. Jurisdiction is also conferred by 5 U.S.C. §555 and 701 et seq, the Administrative Procedures Act, by unlawfully withholding or unreasonably delaying action on Plaintiff's application and has failed to carry out the adjudicative functions delegated to him by law with regard to Plaintiff's case.

2. This action is brought to compel Defendant and those acting under her to rule upon the application and petition filed by the Plaintiff.

### PARTIES

3. PLAINTIFF Trinidad Gomez is a citizen of Honduras. He currently resides at 380 East 143rd Street, Apt. 12E, Bronx, NY 10454.

4. DEFENDANT, Andrea Quarantillo, is the District Director of the Citizenship and Immigration Services for the District of New York, and is

charged by law with the statutory obligation to adjudicate Adjustment of Status applications.

## FACTS

5. Plaintiff filed an application for adjustment of status on or about December 10, 2001.

6. On December 10, 2003 Plaintiff was scheduled for an interview by Defendant. Plaintiff appeared but was not able to go forward on the interview and requested that the interview be rescheduled.

7. The normal and customary period prescribed by Defendant for re-scheduling adjustment of status interviews in this District has long passed. Numerous inquiries were filed however Defendant has failed to respond.

8. Defendant is admittedly inundated with adjustment applications such as Plaintiff's and has limited adjudication officers to adjudicate these applications.

9. This volume of cases is also why Defendant has established its own internal procedures to be able to adjudicate such applications at the time of the interview and not to unnecessarily delay adjudication of the application.

10. Defendant has a legal obligation to notify the Plaintiff of her decision and if the application is denied, the reasons for the denial See 8 C.F.R. 245.2a(5)(i).

11. The adjudication of the application, Defendant's decision, therefore is not discretionary and must be rendered for 8 C.F.R. 245.2a(5)(i) mandates that (1) a decision be rendered and (2) that Plaintiff be notified of same and if denied, the reasons for the denial. One cannot notify one of a decision without first rendering same. Plaintiff does concede that the decision to grant or deny the application is discretionary.

## CLAIMS

12. Defendant willfully, and unreasonably has delayed in and has refused to, schedule plaintiff for an interview in order to adjudicate the adjustment application of Plaintiff, thereby depriving Plaintiff of his statutory right to lawful permanent residence.

13. Defendant owes Plaintiff the legal obligation to adjudicate his adjustment of status application within a reasonable time and has unreasonably failed to perform that duty.

14. Defendant's failure to adjudicate Plaintiff's application has the effect of placing plaintiff in a status where he may be subject to Removal (Deportation) Proceedings; where his current status restricts his employment opportunities because of the uncertainty of his application and therefore is a direct financial detriment; where Plaintiff's current status requires him to pay a yearly fee Defendant to renew his authorization to work in the United States and is another financial detriment; where this delay has the effect of also delaying when she is eligible to apply for Naturalization.

15. Individuals with pending adjustment applications such as plaintiff's may also be restricted in their ability to travel outside of the United States, even with Defendant's grant of advance parole, due to recent legislation which would bar them from receiving their legal resident status due to their unlawful presence in the United Status.

16. Plaintiff has exhausted any administrative remedies that may exist.

WHEREFORE, Plaintiff prays that the Court:

(1) Compel Defendant and those acting under her to perform their duty to schedule Plaintiff for an interview and rule upon the adjustment of status application of Plaintiff Trinidad Gomez;

(2) Grant such other and further relief as to this Court seems proper under the circumstances; and

(3) Grant attorney's fees and costs of court.

Respectfully submitted,
By: Spiro Serras, Esq.

(ID# SS 9232)

_____
WILENS & BAKER, PC
Attorneys for Plaintiffs
450 Seventh Avenue
New York, NY 10123
212-695-0060

Dated: ~~June 22, 2007~~ January 4, 2008